# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2629

ODUNAYO OLAYINKA EKUNDAYO,
Petitioner

v.

ATTORNEY GENERAL, UNITED STATES OF AMERICA

―――――――――――――――

On Petition for Review of the Board of Immigration Appeals
Immigration Judge Kuyomars Q. Golparvar, No. A204-036-051

Before: BIBAS, CHUNG, and AMBRO, *Circuit Judges*
Submitted: June 23, 2026; Filed: June 23, 2026

―――――――――――――――

NONPRECEDENTIAL OPINION[*]

BIBAS, *Circuit Judge*. Odunayo Ekundayo, a native and citizen of Nigeria, came to the United States in 2009, married an American citizen, and got a green card. While living in the United States as a lawful permanent resident, Ekundayo became part of an identity-theft conspiracy and stole more than $700,000 from various victims. Ekundayo and his wife divorced soon after his arrest. Because Ekundayo was ultimately convicted of an aggravated felony, an immigration judge found him removable. He appealed, but the Board of Immigration Appeals dismissed that appeal and we denied his petition for review, making him removable.

Soon after, Ekundayo was released from custody under an order of supervision. He later married another American citizen and sought to reopen his removal proceedings. The Board denied his motion for statutory reopening as untimely and declined to reopen sua

―――――――――――――――

[*]This is not an opinion of the full Court and, under 3d Cir. IOP 5.7, is not binding precedent.

sponte. Ekundayo now petitions for review of both rulings and objects that the Board denied him due process. But all three challenges fail.

*First*, the Board did not abuse its discretion in denying Ekundayo's statutory motion to reopen. *INS v. Doherty*, 502 U.S. 314, 324 (1992) (standard of review). As a rule, aliens may file only one motion to reopen and must do so within ninety days of the final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i). Though Ekundayo cites a regulatory exception to that deadline, it does not apply: That exception covers motions before an immigration judge (not the Board) and applies only if an alien is seeking asylum or withholding (he seeks neither) or was ordered removed in absentia (he was not). 8 C.F.R. § 1003.23(b)(4). Nor does Ekundayo's order of supervision, which lets an alien "avoid detention while the agency seeks to effectuate removal," make the filing deadline inapplicable. Gov't Br. 13 n.4; *see Alzaarir v. Att'y Gen.*, 639 F.3d 86, 89 (3d Cir. 2011). And though he now tries to raise new arguments against the deadline, he failed to exhaust those before the Board. So we may not reach them. *See Aguilar v. Att'y Gen.*, 107 F.4th 164, 168–69 (3d Cir. 2024).

*Second*, we lack jurisdiction to review the Board's declining to reopen sua sponte. *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 651 (3d Cir. 2017). Ekundayo attempts to get around that hurdle by arguing that the Board relied on an "incorrect legal premise," which we could review. *Id.* But it did not: Contrary to Ekundayo's suggestion, no administrative precedent required the Board to apply a three-part test; it was free to just decline to exercise its discretion. *See Matter of H-Y-Z-*, 28 I. & N. Dec. 156, 158 (BIA 2020). Plus, under that precedent, "equities that were acquired … after being ordered removed" (like Ekundayo's remarriage) typically do not count as "exceptional circumstances" that warrant reopening.

2

*Id.* at 161. Ekundayo also argues that the Board wrongly relied upon another of its precedents to conclude that untimely motions are disfavored. *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009). Though Ekundayo tries to distinguish *Yauri*, those distinctions do not matter. The Board properly applied the principle that motions to reopen are "generally disfavored." AR 3.

*Third*, "aliens do not have a liberty or property interest in discretionary relief" like reopening. *Darby v. Att'y Gen.*, 1 F.4th 151, 165 (3d Cir. 2021). So even on de novo review of this constitutional claim, Ekundayo's due-process challenge fails. *Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005) (standard of review). We will thus DISMISS his petition for review of the denial of sua sponte reopening and DENY it as to the rest.